## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

Juan Prado, *et al.*,

    Plaintiff,

    v.

Akiva Portnoy, *et al.*,

    Defendants.

Case No. 2:23-cv-3540

Judge Michael H. Watson

Magistrate Judge Jolson

### OPINION AND ORDER

Akiva Portnoy ("Portnoy"), Shaun Ratliff ("Ratliff"), and Soundview Equities ("Soundview" collectively, "Defendants") move to dismiss the Amended Complaint. ECF No. 19. Juan Prado, Inocente Martinez, Rosa Portillo, Giovanni Tomas, Luis Perez-Cobo (collectively "Individual Plaintiffs), and Danielli Multiservices LLC (collectively with Individual Plaintiffs, "Plaintiffs") oppose. ECF No. 20. For the following reasons, Defendant's motion is **GRANTED IN PART** and **DENIED IN PART**.

### I.    FACTS[1]

During the relevant times, Individual Plaintiffs, who are all undocumented noncitizens, worked as construction workers for Soundview. Am. Compl. ¶¶ 2, 10, ECF No. 11. Portnoy owns Soundview, and Ratliff is a manager and recruiter for Soundview. *Id.* ¶¶ 6, 9. Individual Plaintiffs allege that they were not paid for

---

[1] The Court accepts Plaintiffs' factual allegations as true for the purposes of Defendants' motion. *Warner v. Univ. of Toledo*, 27 F.4th 461, 466 (6th Cir. 2022) (citation omitted).

work performed on various days throughout their employment. *E.g.*, *id.* ¶ 10. According to Individual Plaintiffs, Soundview was aware of their undocumented status and purposefully hired them with the intent to defraud them of wages. *Id.* ¶ 19. Danielli Multiservices LLC also alleges that it performed work for Soundview but that Soundview never paid it. *Id.* ¶¶ 23–26.

Based on these allegations, Plaintiffs assert claims for a violation of the Fair Labor Standards Act ("FLSA"), unjust enrichment, fraud, and a civil violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). S*ee generally*, *id.*

## II.    STANDARD OF REVIEW

A claim survives a motion to dismiss under Rule 12(b)(6) if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). This standard "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [unlawful conduct]." *Twombly*, 550 U.S. at 556. A pleading's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the [pleading] are true (even if doubtful in fact)." *Id.* at 555 (internal citations omitted). At the motion-to-dismiss stage, a district court must "construe the complaint in the light

most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Wamer*, 27 F.4th 461, 466 (6th Cir. 2022) (internal quotation marks and citations omitted). However, the non-moving party must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

### III.    ANALYSIS

Defendants move to dismiss all of Plaintiffs' claims. ECF No. 19. The Court addresses each claim, in turn.

### A.    FLSA

The Court first considers whether the Amended Complaint states an FLSA claim against Soundview before turning to the FLSA claim against Portnoy and Ratliff.

#### 1.    Soundview

The FLSA requires employers to pay an employee the federal minimum wage ($7.25 per hour) for any workweek the employee worked. 29 U.S.C. § 206(a). Individual Plaintiffs allege that they each worked for Soundview for about a month and that Soundview did not pay them at all for that time. Am. Compl. ¶ 10, ECF No. 11. Thus, Individual Plaintiffs allege that they were paid less than $7.25, the federal minimum wage, for several workweeks. As a result,

Individual Plaintiffs state an FLSA claim for failure to pay minimum wage against Soundview.[2]

Defendants disagree. First, Defendants argue that Individual Plaintiffs have failed to allege that the work they performed meets the "commerce" requirement for an FLSA claim. This argument is premature. Construed in the light most favorable to Plaintiffs, the Amended Complaint alleges that Soundview (or, at least, Soundview and related entities) is a multi-state enterprise. Am. Compl. ¶¶ 5–8, ECF No. 11. Thus, at the pleadings stage, Individual Plaintiffs satisfy the "commerce" requirement.

Next, Defendants argue, in passing, that Individual Plaintiffs failed to adequately allege an employer-employee relationship. This argument fails. Individual Plaintiffs alleged that they "worked for" Soundview. Am. Compl. ¶ 10, ECF No. 11. At least at this stage, that allegation is sufficient. Again, if discovery reveals that Individual Plaintiffs and Soundview did not have an employer-employee relationship, Defendants can make this argument again on summary judgment.

Finally, Defendants contend that the FLSA does not protect undocumented workers, relying on *Hoffman Plastic Compounds, Inc. v. N.L.R.B.*, 535 U.S. 137 (2002). In *Hoffman*, the Supreme Court of the United States concluded that the

---

[2] Plaintiffs have clarified that Danielli Multiservices LLC is not pursuing an FLSA claim. Resp. 2–3, ECF No. 20. Thus, the Court does not address Defendants' arguments that Danielli Multiservices LLC failed to state such a claim.

National Labor Relations Board could not award backpay to an undocumented worker who alleged he had been unlawfully discharged in retaliation for trying to organize a union. *Id.* at 140, 151–52. Defendant argues that *Hoffman*'s reasoning should be extended to the FLSA.

The Court disagrees. Several courts have already addressed this issue and have concluded that, even considering *Hoffman*, the FLSA protects undocumented workers. *See, e.g.*, *Abundes v. Athens Food Servs., LLC*, No. CV 3-14-1278, 2016 WL 10704122, at *2 (M.D. Tenn. Aug. 10, 2016) ("The applicable case law demonstrates that the FLSA applies to all employees, regardless of their immigration status and that an employee's immigration status is not relevant to the issues and defenses in an FLSA case." (citing cases)); *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1307 (11th Cir. 2013) ("Nor does *Hoffman* cast doubt on our holding that undocumented aliens may recover their unpaid wages under the FLSA."). In agreement with these other courts, this Court concludes that *Hoffman*'s reasoning does not extend to the FLSA and, therefore, holds that undocumented workers may seek relief under the FLSA for work already performed.

In sum, Individual Plaintiffs state a claim for failure to pay minimum wage under the FLSA against Soundview.

### 2. Portnoy and Ratliff

Individual Plaintiffs also assert an FLSA claim against Portnoy and Ratliff. The FLSA applies to only "employers," but "employer" can include individuals. 29

U.S.C. §§ 203(d), 206. "A person is an employer under the FLSA if he has operational control of significant aspects of the corporation's day to day functions." *Solis v. Suroc, Inc.*, 49 F. Supp. 3d 502, 511 (N.D. Ohio 2014) (quotation marks and citation omitted).

Here, Plaintiffs do not state an FLSA claim against Portnoy or Ratliff. The only allegations against Portnoy are that he owns Soundview and recently bought a new condominium complex (that is unrelated to the construction projects Individual Plaintiffs worked on); the only allegations against Ratliff are that he is a manager and recruiter for Soundview and that he commented to a third party that Soundview would hire undocumented workers. Am. Compl. ¶¶ 6, 9, 17–18, ECF No. 11. These allegations are not enough to impose FLSA liability on Portnoy or Ratliff because they do not allege that Portnoy or Ratliff had "operational control of significant aspects of the corporation's day to day functions." *Solis*, 49 F. Supp. 3d at 511 (cleaned up). Accordingly, the FLSA claims against Portnoy and Ratliff are **DISMISSED WITHOUT PREJUDICE**.

## B.    Unjust Enrichment

In Ohio, "unjust enrichment occurs when a person has and retains money or benefits which in justice and equity belong to another." *Johnson v. Microsoft Corp.*, 834 N.E.2d 791, 799 (Ohio 2005) (cleaned up). A claim for unjust enrichment requires the following elements: (1) "a benefit conferred by a plaintiff upon a defendant"; (2) "knowledge by the defendant of the benefit"; and

(3) "retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment[.]" *Id.* (quotation marks and citation omitted).

Here, Plaintiffs state a claim for unjust enrichment as to Soundview. Plaintiffs allege that they performed work for Soundview but that they were never paid. Am. Compl. ¶¶ 22–26, ECF No. 11. Thus, Plaintiffs state a claim for unjust enrichment against Soundview.

Defendants argue that the unjust enrichment claim is barred by Plaintiffs' alleged contracts with Soundview. When a contract governs the parties' relationship, a plaintiff generally may not recover under an unjust enrichment theory. *See, e.g.*, *Eyerman v. Mary Kay Cosmetics, Inc.*, 967 F.2d 213, 222 (6th Cir. 1992) (explaining that a plaintiff generally may not recover on an unjust enrichment theory when the parties have a contract (citing Ohio law)). Applied here, Plaintiffs do allege that they had contracts[3] with Soundview, but Soundview does not concede that these contracts were valid. Because discovery may reveal that the parties did not have a valid contract, Plaintiffs may proceed on their unjust enrichment claim for now.

Plaintiffs do not, however, state a claim for unjust enrichment against Portnoy and Ratliff. Plaintiffs do not allege that they performed any unpaid work for Portnoy and Ratliff themselves (that is, outside of their capacities as owner and manager, respectively, of Soundview). *See generally*, Am. Compl., ECF No.

---

[3] Plaintiffs do not assert a breach-of-contract claim. *See generally*, Am. Compl., ECF No. 11.

11. As a result, Plaintiffs do not allege that they conferred a benefit on Portnoy and Ratliff. Thus, Plaintiffs' unjust enrichment claim against Portnoy and Ratliff must be dismissed.

## C. Fraud

Plaintiffs assert a claim for fraud. It is somewhat unclear which type of fraud claim they assert (that is, whether it is a claim for fraudulent misrepresentation, fraudulent inducement, or some other kind of fraud). In any event, the fraud claim fails because it is not pleaded with particularity.

On top of the basic pleading requirements found in Federal Rule of Civil Procedure 8, Rule 9(b) specifies that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To satisfy Rule 9(b), a complaint must: (1) "specify the statements that the plaintiff contends were fraudulent"; (2) "identify the speaker"; (3) "state where and when the statements were made"; and (4) "explain why the statements were fraudulent." *Teamsters Loc. 237 Welfare Fund v. ServiceMaster Glob. Holdings, Inc.*, 83 F.4th 514, 524–25 (6th Cir. 2023) (cleaned up).

Here, Plaintiffs fall short of Rule 9(b)'s requirements. Plaintiffs offer no details about when or where Defendants made the alleged misrepresentation, what the contents of the misrepresentation was, or who made the alleged misrepresentation. In sum, Plaintiffs fail to allege the "who, what, when, where, and how of the alleged fraud[,]" as required by Rule 9(b). *United States ex rel.*

*Roycroft v. Geo Grp., Inc.*, 722 F. App'x 404, 406 (6th Cir. 2018) (citation omitted). As a result, Plaintiffs' fraud claim must be **DISMISSED WITHOUT PREJUDICE**.

## D. Civil RICO

To sufficiently plead a RICO claim under 18 U.S.C. § 1962(c), a plaintiff must plead the following elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985).

Plaintiffs fail to state a civil RICO claim because they do not sufficiently allege a "pattern." The Sixth Circuit has explained that whether certain acts make a "pattern" is measured by a spectrum: "at one extreme is a perpetrator committing two predicate acts, in one day, in one scheme, causing a single injury, to a single victim. This is not a pattern." *Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1110 (6th Cir. 1995) (citation omitted). At the "other extreme, a perpetrator engineering dozens of schemes, and using myriad predicate acts to further each scheme, against numerous victims causing numerous types of injuries, beyond peradventure engages in a pattern of racketeering activity." *Id*.

To determine where on this spectrum an alleged pattern falls, courts consider the following factors:

> [T]he length of time the racketeering activity existed; the number of different schemes (the more the better); the number of predicate acts within each scheme (the more the better); the variety of species of

predicate acts (the more the better); the distinct types of injury (the more the better); the number of victims (the more the better); and the number of perpetrators (the less the better).

*Id.*

Applied here, there is no pattern. Some factors weigh in Plaintiffs' favor: there were several victims and there were few alleged perpetrators.

The remaining factors, however, weigh against Plaintiffs. There was only one alleged scheme: to not pay undocumented workers, like Plaintiffs. Next, there were only a few different types and instances of predicate acts (and perhaps only mail and wire fraud). Finally, there was only one type of injury: Defendants did not pay Plaintiffs.

These factors weigh against finding a "pattern." At bottom, Plaintiffs have alleged that Defendants engaged in a single scheme, which is insufficient to state a civil RICO claim. *See Bachi-Reffitt v. Reffitt*, 802 F. App'x 913, 918 (6th Cir. 2020) ("[The] complaint does not allege an actionable 'pattern of racketeering activity' because it pleads only a single scheme targeting a single victim[.]" (citation omitted)). Accordingly, the civil RICO claim must be dismissed.

### IV.    CONCLUSION

For these reasons, Defendants' motion is **GRANTED IN PART** and **DENIED IN PART**.  The FLSA and unjust enrichment claims against Soundview may proceed; all other claims are **DISMISSED WITHOUT PREJUDICE**.  If Plaintiffs can amend the Amended Complaint to fix the deficiencies outlined in this Opinion and Order, Plaintiffs may move for leave to do so **WITHIN TWENTY-ONE DAYS**.

The Clerk shall terminate Portnoy and Ratliff as Defendants and shall terminate ECF No. 19.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**